UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:  Case Number: 20-10231-7

    BEVERLY A. KRIZAN,

        Debtor.

---

TRAVIS P. KRIZAN and
RONALD V. KRIZAN,

        Plaintiffs,

  v.  Adversary Number: 20-15

BEVERLY A. KRIZAN,

        Defendant.

---

*In re*:  Case Number: 20-10233-13

    SCOTT A. KRIZAN,

        Debtor.

---

TRAVIS P. KRIZAN and
RONALD V. KRIZAN,

        Plaintiffs,

  v.  Adversary Number: 20-17

SCOTT A. KRIZAN,

        Defendant.

---

## **DECISION**

Beverly A. Krizan, Scott Krizan, and Dale Krizan ("Defendants") each filed a voluntary Chapter 7 petition. Ronald Krizan and Travis Krizan

("Plaintiffs") filed adversary proceedings against Beverly, Scott, and Dale seeking determinations that debts owed by them were nondischargeable under 11 U.S.C. § 523(a)(2). The adversaries were consolidated for hearing. The Court rendered its judgment for Plaintiffs, Ronald Krizan and Travis Krizan, against Beverly and against Scott. It dismissed the complaint against Dale. Plaintiffs' attorney, J. Drew Ryberg ("Ryberg"), filed a Petition for Attorney's Fees.[1] Beverly and Scott objected to the Petition.[2]

### STATEMENT OF FACTS

The request for attorney's fees asks for compensation for work representing Plaintiffs in adversary proceedings against Beverly and Scott and for exemplary damages.[3]

The original fee request was for 137.1 hours.[4] This results in a billing of $27,420.00 and disbursements of $5,269.54, for a total of $32,689.54.[5]

Beverly and Scott object.[6] They assert that Ryberg is entitled to attorney's fees of $18,950.92, to be applied jointly and severally to the nondischargeable cases of Beverly and Scott Krizan.[7] They reach this conclusion by eliminating one-third of Ryberg's requested expenses, arguing that the Court should reduce the award by that percentage assuming it is the portion of time and expense related to Dale. Because the claims against Dale

---

[1] Adv. No. 20-15, ECF Nos. 50 & 51; Adv. No. 20-17, ECF No. 36.
[2] Adv. No. 20-15, ECF No. 58; Adv. No. 20-17, ECF No. 48.
[3] Adv. No. 20-15, ECF Nos. 50 & 51; Adv. No. 20-17. ECF No. 36.
[4] Adv. No. 20-15, ECF Nos. 50 & 56; Adv. No. 20-17, ECF Nos. 36 & 46. [from typo correction]
[5] *Id.*
[6] Adv. No. 20-15, ECF No. 58; Adv. No. 20-17, ECF No. 48.
[7] *Id.*

2

were dismissed, they reason that there should be a one-third reduction in fees.[8] Debtors also note that there were 18.10 hours performed solely for Dale Krizan's case, leading to a billing of $3,620.00.[9] Lastly, Defendants deduct time related to unknown charges relating to a jet ski and some entries Defendants argue are duplicative.[10]

In response, Ryberg further reduced the number of hours he believes he is entitled to compensation for from 137.1 hours to 133.15 hours.[11] Thus Ryberg believes attorney's fees and disbursements should be awarded to Plaintiffs in the sum of $31,899.54 (fees of $26,630.00 plus disbursements of $5,269.54).[12] Ryberg contends that the "discount sought by defendant assume[d] 1/3 of the time and disbursements spent for Travis and Ronald is allocable to Dale and that is simply not so."[13]

## DISCUSSION

Under the "American Rule," which is followed in federal courts, each party has to bear its own attorney's fees, and the prevailing party cannot recover attorney's fees from the losing party unless that party would be entitled to such fees under an applicable statute. Most circuits, including the Seventh

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Adv. No. 20-15, ECF No. 59; Adv. No. 20-17, ECF No. 49.
[12] *Id.* This Court notes there is a calculation error in the Response to Defendants' objection filed at Adv. No. 20-15, ECF No. 59; Adv. No. 20-17, ECF No. 49. In the Response, Attorney Ryberg asserts that attorney's fees and disbursements should be awarded to Plaintiffs in the sum of $32,689.54 (fees $27,420.00 plus disbursements of $5,269.54). However, multiplying Attorney Ryberg's hourly rate ($200.00) times the number of hours he believes he is entitled to compensation for (133.15) amounts to fees of $26,630.00, not $27,420.00.
[13] Adv. No. 20-15, ECF No. 59 at 2; Adv. No. 20-17, ECF No. 49 at 2.

Circuit, hold that in section 523 litigation the American Rule applies. *See In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997); *All American of Ashburn, Inc. v. Fox (In re Fox)*, 725 F.2d 661, 662 (11th Cir. 1984); *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1237-38 (10th Cir. 1999) (citing *Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y*, 421 U.S. 240, 257 (1975)).

The Bankruptcy Code does not provide a general right to recover attorney's fees. *See Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). There are only four specific statutory provisions for the award of attorney's fees in the Bankruptcy Code: (1) section 506(b), which permits an over-secured creditor its attorney's fees if a contract between the creditor and the debtor so provides; (2) section 303(i)(B), which grants the bankruptcy court the discretion to award attorney's fees to the debtor if an involuntary petition is dismissed without the consent of the debtor; (3) section 362(k)(1), which allows the court to award attorney's fees to an individual injured by the willful violation of the automatic stay; and (4) section 523(d), which provides that a debtor may recover attorney's fees if the creditor brings a nondischargeability proceeding that the court finds was not substantially justified.

Section 523(d) is the only provision under the Bankruptcy Code specifically addressing the recovery of attorney's fees of the prevailing party in a nondischargeability adversary proceeding. Plaintiffs have not asserted recovery of their fees based on section 523(d), and this section does not apply to the facts in this case. Section 523(d) applies when the creditor seeks a determination of dischargeability of a consumer debt where the debt is

4

discharged and the court finds that the position of the creditor was not substantially justified.

The right to recover attorney's fees in nondischargeability cases is laid out by *Cohen v. De La Cruz,* 523 U.S. 213 (1998). In *Cohen,* the Supreme Court held that the discharge exception set forth in section 523(a)(2)(A) applies to all aspects of liability arising out of a debtor's fraudulent conduct, including attorney's fees and costs, if there is a state statute governing the nature of the claim that provides for attorney's fees to the prevailing party. The Supreme Court suggested that its holding would apply to nondischargeability cases arising under other paragraphs in section 523 as well. *Id.* at 219-20. *Cohen* does not itself create an independent right to attorney's fees for the benefit of a party who prevails in a section 523 dischargeability proceeding. But *Cohen* clarifies that to be entitled to attorney's fees under section 523, attorney's fees must be supported by a state statute governing the nature of the section 523 claim that awards attorney's fees to the prevailing party.

The Court finds there are state statutes governing the nature of the claim that provides for attorney's fees to the prevailing parties in this instance. Plaintiffs base their nondischargeability claim on section 523(a)(2)(A). 11 U.S.C. § 523(a)(2)(A) provides that any debt for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition," is nondischargeable debt.

The supporting statutes are Wis. Stats. §§ 943.20(1)(d) and 895.446 subsections (1) and (3)(b). Sec. 943.20(1)(d) provides:

> **(1)** ACTS. Whoever does any of the following may be penalized as provided in sub. (3):
>
>> **(d)** Obtains title to property of another person by intentionally deceiving the person with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made.

Thus, section 943.20(1)(d) is a Wisconsin statute that corresponds to the nature of the section 523(a)(2)(A) claim. Further, section 895.446(3)(b) awards attorney's fees to prevailing parties in civil actions filed under section 943.20(1)(d). Section 895.446(3)(b) states:

> **(3)** If the plaintiff prevails in a civil action under sub. (1), he or she may recover all of the following:
>
>> **(b)** All costs of investigation and litigation that were reasonably incurred, including the value of the time spent by any employee or agent of the victim.

Section 943.20 is one of the civil actions included under subsection (1) of section 895.446. As a result, this Court finds that the Plaintiffs are entitled to attorney's fees as a matter of law under Wis. Stats. §§ 943.20(1)(d) and 895.446, subsections (1) and (3)(b).

Additionally, Defendants Beverly and Scott Krizan do not dispute the entitlement of the Plaintiffs to costs and fees. The only dispute is the appropriate amount.

### 1. *Contested Fees*

The Court has reviewed the fee detail and the specific time entries identified as in dispute. The objection of the Defendants points to 61 entries in

6

dispute. Following the objection, Ryberg decreased the amount of requested fees slightly and gave a detailed account of what charges he eliminated.

A summary of the contested fees and reasons for dispute is as follows:

a. *Duplicate.* There are 3 pairs of entries (6 total) where Defendants' attorney circles various entries and marks them as "duplicate." It appears the source of dispute for these entries is where there is a "Courtesy Discount" that Ryberg does not subtract from his attorney's fees calculation, but Defendants' attorney does.

b. *Attributable to Dale.* There are over 8 entries (sometimes entire pages of entries) that Defendants' attorney cites as attributable to Dale and therefore subtracts from the calculation of attorney's fees that Defendants believe Ryberg is owed.

c. *Miscellaneous reasons:*

   i. *Discrepancy in hours.* There are some entries where it appears Defendants' attorney might overcalculate the hours Ryberg bills on certain pages; there are some pages where the amount Ryberg billed is higher than what Defendants' attorney believes he is entitled to. There are a few entries where the discrepancy might be due to Defendants' attorney considering Net Fees after Courtesy Discounts are applied when Ryberg does not. There is an entry where Defendants' attorney circles the phrase "prior appeals" but does not explain why it was circled.

   ii. *Jet ski entry.* Ryberg's Response to the Objection addresses this dispute. Ryberg confirms that this entry was never included in Plaintiffs' Petition and was corrected in the Motion for Typographical Corrections to Petition.[14]

Detailed billing statements were provided for the period December 2017 through the date of the request for fees. Not all of the time entries were in the request. Instead, the request explains, "Copies of the actual bills from December 2017 to present are appended to the Affidavit and a checkmark is

---

[14] Adv. No. 20-15, ECF No. 59 at 6, n.1; Adv. No. 20-17, ECF No. 49 at 6, n.1.

placed on all of those entries not related solely to the misrepresentation claims with the balance being so related."[15]

The Court has reviewed the various specific time entries asserted to be duplicative, solely related to Dale, or unclear. In response to the specific time entries, Ryberg reduced his fee request by 3.95 hours. The Court, however, finds that the reduction should have been 19.2 hours and, accordingly, the request is reduced by another 15.3 hours or $3,060.00. Based on this reduction, the amount of fees and costs would be $26,630.00 minus $3,060.00, or $23,570.00.

The remaining objection is simply that because the claims against Dale, Beverly, and Scott were 1) consolidated for hearing and 2) all three were defendants in the same state court action, then there should be a one-third overall reduction. This assertion does not consider that many tasks performed would have been performed even if Dale had not been a defendant. First, whether Dale was named in the state court proceeding or not, there would have been a claim against Beverly and Scott. Second, based on the statements of Scott and Beverly regarding the alleged "theft" of an offer to purchase property that was the subject of the state court action, an appeal would have been taken even if Dale was not involved. Third, the initial position of Scott and Beverly that the offer to purchase was stolen would have prompted the appeal even if Dale were not a defendant. The subsequent change in the Defendants' positions about that offer might have required reconsideration of the appeal,

---

[15] *See* Adv. No. 20-15, ECF No. 50 at 6; Adv. No. 20-17, ECF No. 36 at 6.

but the issue of damages would have remained even in the absence of Dale as evidenced by the trial and appellate decisions in the state courts. That said, once it was evident that the offer to purchase the property Defendants alleged had been stolen had actually been delivered, much of the time expended before the bankruptcies were filed was not merely the result of the misrepresentations of Scott and Beverly. Instead, the Plaintiffs, who were named as intervening plaintiffs in the state court action, continued to pursue the claims through appeals of the judgment granted to the non-intervening plaintiffs, rather than simply pursuing the claims against Scott, Beverly, and the now-deceased defendant, Daniel Krizan, for the damages the Defendants caused the Plaintiffs.

Trial preparation was required even absent Dale. That said, some of the time did relate to the claims against Dale, including the portions of the trial itself devoted to his testimony and review of pleadings filed on behalf of Dale. Thus, some reduction in the requested fees is appropriate for that time. The Court reduces fees by another $130.00, representing the .65 hours that Dale testified during trial. Further, the Court reduces the fees by another $6,780.00 representing 33.9 hours of time before the petition date and post-petition fees found to be allocable to the claims against Dale. The allowed fees are, therefore, $16,660.00. For the same reasons, the costs allowed are reduced and allowed in the amount of $3,695.00, for costs and fees of $20,355.00 jointly and severally against Beverly Krizan and Scott Krizan. Such sums are nondischargeable.

*2. Exemplary Damages*

The second point of dispute relates to an award of exemplary damages. The Plaintiffs sought and obtained a judgment of nondischargeability against Beverly and Scott under section 523(a)(2) of the Bankruptcy Code. It provides that a discharge under section 727 or 1328(b) of this title does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. The Plaintiffs contend that the actions of Beverly and Scott were so egregious that exemplary damages under the Wisconsin Statutes should be awarded on top of the damages that were the subject of the Court's prior judgment. That statute provides:

> **Wis. Stat. § 895.446(1)-(3)**
>
> **(1)** Any person who suffers damage or loss by reason of intentional conduct that occurs on or after November 1, 1995, and that is prohibited under s. . . . 943.20 . . . has a cause of action against the person who caused the damage or loss.
>
> **(2)** The burden of proof in a civil action under sub. (1) is with the person who suffers damage or loss to prove a violation of s. . . . 943.20 . . . by a preponderance of the credible evidence. A conviction under s. . . .943.20 . . . is not required to bring an action, obtain a judgment, or collect on that judgment under this section.
>
> **(3)** If the plaintiff prevails in a civil action under sub. (1), he or she may recover all of the following:
>
>> (a) Actual damages, including the retail or replacement value of damaged, used, or lost property, whichever is greater, for a violation of s. . . . 943.20 . . . .

10

> (b) All costs of investigation and litigation that were reasonably incurred, including the value of the time spent by any employee or agent of the victim.
>
> (c) Exemplary damages of not more than 3 times the amount awarded under par. (a). No additional proof is required under this section for an award of exemplary damages under this paragraph.

The award of additional exemplary damages is discretionary. The statute is clear in its use of the word "may." In *Miller v. Storey*, the Supreme Court affirmed the appellate court's ruling that, in a jury trial, exemplary damages under Wis. Stat. § 895.446(3)(c) must be decided by the jury (the trier of fact), rather than the judge. *See* 378 Wis. 2d 358, 396, 903 N.W.2d 759 (2017) ("[A]lthough the judge initially determines whether exemplary damages are an appropriate issue to be presented to the trier of fact, it is within the discretion of the trier of fact to determine whether to actually award exemplary damages and, if so, in what amount."). Particularly noteworthy is the court's statement that a fact-finding *judge* possesses the same level of discretion afforded to a jury: "[I]n some instances, the judge is also the trier of fact and it would be appropriate in that instance for the judge to determine whether to award exemplary damages and the amount of the award." *Id.* at 396 n.33, 903 N.W.2d 759. *Miller v. Storey* forecloses any argument that the Court lacks discretion in determining whether to award exemplary damages here.

But that still leaves the question of *how* the Court is to exercise its discretion in awarding damages. The Wisconsin Court of Appeals provided some guidance in *Stathus v. Horst*, 2003 WI App 28, 260 Wis. 2d 166, 659

N.W.2d 165. In *Stathus*, the court of appeals was asked to determine whether the trial court erroneously exercised its discretion in awarding treble damages under the prior version of section 895.446(3)(c), Wis. Stat. § 895.80(3)(a). In reviewing the lower court's decision, the appellate court asked whether the trial court's ruling represented a reasonable conclusion, based on a reasonable examination of the facts:

> [W]hether to award treble damages under Wis. Stat. § 895.80(3)(a) (1999–2000), is a matter left to the discretion of the trial court . . . . [The] exercise [of] its discretion . . . requires a "reasonable inquiry and examination of the facts" to reach a reasonable conclusion.

*Stathus*, 260 Wis. 2d at 167, 659 N.W.2d 165. This discretion must be applied with the understanding that "'[e]xemplary damages' are synonymous with 'punitive damages.'" *Miller v. Storey*, 378 Wis. 2d at 396 n.32. Thus, it is appropriate to consider whether exemplary damages are necessary here to serve the punitive purposes of punishment and deterrence.

It is the nature of the wrongdoer's conduct, not that of the underlying tort, that must be analyzed. *Shopko Stores, Inc. v. Kujak*, 147 Wis. 2d 589, 600-602 (Wis. Ct. App. 1988). Among the other factors to be considered are: the age of the offender, the attitude and conduct of the offender upon detection, fines and forfeitures already imposed, and whether the defendant is a person of modest means who will be severely punished by punitive damages. *Id.*

The case law is clear that exemplary damages are discretionary. The Court must make reasonable inquiry and examination of the facts—including the circumstances like those in *Shopko*. The Court exercises its discretion in

12

declining to award exemplary damages here. Beverly and Scott are of modest means. Beverly is aged and Scott is a debtor in a Chapter 13. There are already two judgments of nondischargeability against Beverly totaling $73,566.10. The judgments of nondischargeability against Scott total $77,050.58. Additionally, the Court has now awarded attorney's fees and costs. Scott and Beverly faced the loss of their home and were desperate. Ultimately the home was sold. Their schedules do not suggest excessive debt or more than modest means. Neither is it likely based on their circumstances that they will be able to pay any significant portion of the judgments already in place. There is no evidence that the improper conduct of either creates a "seriousness of the hazard to the public." *Id.* Exemplary damages—other than the attorney's fees—would not serve the purposes of punishment or deterrence.

## CONCLUSION

Based on the record and file herein, the Court finds that Plaintiffs are entitled to attorney's fees and costs in the amount of $20,355.00. Such attorney's fees and costs are the joint and several liability of Beverly and Scott. For the reasons stated above, the Court will not treble the damages under Wis. Stat. § 895.446.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order and judgment consistent with this decision will be entered.

Dated: March 8, 2022

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge